COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| R-ZAQ, INC., BADER OBEID A/K/A BADER M. OBEID D/B/A CARPET MILLS OF AMERICA AND CARPET MILLS, | § § § § | No. 08-15-00065-CV<br><br>Appeal from the<br><br>County Court at Law No. 2 |
| APPELLANTS, | § | of Tarrant County, Texas |
| V. | § | (TC# 2012-005830-2) |
| MOHAWK SERVICING, LLC, | § | |
| APPELLEE. | § | |

## MEMORANDUM OPINION

Mohawk Servicing, LLC, Appellee, has filed a motion to dismiss this appeal as moot. We grant the motion and dismiss the appeal.

On March 14, 2013, the trial court entered judgment against Appellants, R-ZAQ, Inc., Bader Obeid a/k/a Bader M. Obeid d/b/a Carpet Mills of America and Carpet Mills and awarded damages in the amount of $42,929.52 plus pre-judgment interest and attorney's fees. Mohawk Servicing subsequently filed a motion for a receivership alleging that Appellants had not paid the judgment and had failed to respond to post-judgment discovery. On December 3, 2014, the trial court entered an order appointing a receiver under the Texas Turnover Statute with authority to take possession of and sell Appellants' non-exempt assets. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 31.002(b)(3)(West 2015)(authorizing a court to appoint a receiver with the authority to

take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment). Appellants timely filed notice of appeal indicating their intent to appeal the order appointing the receiver. While the appeal was pending, the receiver, with the agreement of the parties, filed an application to close the receivership. The trial court granted that application and entered an order which approved the actions taken by the receiver, terminated the receivership, and discharged the receiver.

Mohawk Servicing asserts in its motion that the appeal should be dismissed because the termination of the receivership has rendered the appeal moot. Appellants have not filed any response to the motion to dismiss. An appellate court is prohibited from deciding moot controversies. *National Collegiate Athletic Association v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A case is moot if a justiciable controversy ceases to exist at any stage of the legal proceedings, including the appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). We conclude that the order terminating the receivership and discharging the receiver has rendered the appeal moot. *See Rogers v. PLS Water Company, Inc.*, No. 14-94-1135-CV, 1996 WL 28791 (Tex.App.--Houston [14th Dist.] 1996, writ dism'd w.o.j.)(not designated for publication)(holding that order terminating the receivership rendered moot the appeal from an order authorizing further action by the receiver and the receiver's order to seize). Accordingly, we grant Mohawk Servicing's motion and dismiss the appeal.


April 24, 2015
                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.